# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

Case No. _____

UNITED STATES OF AMERICA,
for the use and benefit of
K&S PATCHING, INC.

    Plaintiff,

v.

AEGIS SECURITY INSURANCE COMPANY and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendant.
_____/

## PLAINTIFF, UNITED STATES FOR THE USE AND BENEFIT OF K&S PATCHING, INC.'S COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

Plaintiff, United States of America, for the use and benefit of K&S Patching, Inc. ("K&S"), sues Defendants, Travelers Casualty and Surety Company of America ("Travelers") and Aegis Security Insurance Company ("Aegis"), and states that it is entitled to the relief sought herein based on the following:

### PARTIES, JURISDICTION & VENUE

1. This is an action recover damages against two labor and material payment bond sureties for labor, services and materials furnished on a construction project at the Mac Dill Air Force Base in Hillsborough County, Florida.

2. K&S is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

**PETERSON, BALDOR & MARANGES, PLLC**

3. Travelers is a foreign corporation with its principal place of business located in the State of Connecticut.

4. Aegis is a foreign corporation with its principal place of business in the State of Pennsylvania.

5. The Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331, 40 U.S.C. §3131 (the "Miller Act") and 28 U.S.C. §1367.

6. This Court possesses personal jurisdiction over Travelers and Aegis as this action pertains to payment bonds issued by them in connection with a construction project at the Mac Dill Air Force Based in Hillsborough County, Florida.

7. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391 and 40 U.S.C. §3133(b) because the events giving rise to the claims asserted herein occurred in Hillsborough County, Florida, and because the construction project where the labor, services and materials at issue were furnished is located in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

8. On or about September 27, 2017, the US Army Corp of Engineers ("Owner") entered into an agreement (the "Prime Contract") with Hensel Phelps Construction Co. (the "Prime Contractor") for the construction of an Operational Support Facility at the MacDill Air Force Base. (the "Project")

9. Pursuant to 40 U.S.C.§3131, Prime Contractor, as principal, and Travelers, as surety, procured a labor and material payment bond (the "Miller Act Bond") that secures payment to, among others, K&S, for labor, services and/or materials furnished and incorporated into the Project. A true and correct copy of the Miller Act Bond is attached hereto as **Exhibit "1"** and specifically incorporated herein by reference.

10. In furtherance of its obligations under the Prime Contract, the Prime Contractor entered into a subcontract (the "Subcontract") with Tilt Up Plus, LLC ("Subcontractor") whereby the Subcontractor agreed to furnish labor, services and materials including, without limitation, patching, painting, caulking and exterior flat work, on the Project.

11. Subcontractor, as principal, and Aegis, as surety, procured a common law labor and material payment bond (the "Subcontractor Bond") that secures payment to, among others, K&S, for labor, services and/or materials furnished and incorporated into the Project under the direction of the Subcontractor. While K&S, by and through its agent, previously requested a copy of the Subcontractor Bond from the Subcontractor, it was not provided. As such, K&S is not currently in possession of the Subcontractor Bond, but will obtain a copy through discovery and, upon receipt of same, will file it with the Court.

12. In furtherance of its obligation under the Subcontract, the Subcontractor entered into a sub-subcontract (the "Sub-Subcontract") with K&S, whereby K&S agreed to grind and patch exterior and interior walls at specified locations. A true and correct copy of the Sub-Subcontract is attached hereto as **Exhibit "2."**

13. The Sub-Subcontract provides that any additional work required of K&S would be performed on a time and material basis, to be supported by daily work tickets provided by K&S.

14. It further provides that [Subcontractor] "agrees to pay all costs and expenses incurred collecting any amounts due under this Agreement, including reasonable attorneys' fees and all incurred costs and associated expenses ... Any balance due under this agreement will incur interest at the rate of 1.5% per month."

15. From June 18, through September 12, 2018, and at Subcontractor's direction and approval, K&S performed additional patching, chipping and touch ups throughout the Project at locations other than those set forth in the Sub-Subcontract.

16. Subcontractor and K&S agreed that this additional work would be paid at a rate of $35.00/hour, and that K&S would furnish Subcontractor daily work tickets identifying the number of laborers that worked each day on the additional work, as well as the number of hours worked by each.

17. K&S furnished Subcontractor the requested daily work sheets for all of the additional work it performed at Subcontractor's request, and Subcontractor approved them. Notwithstanding Subcontractor's approval, Subcontractor failed and refused to pay K&S $24,620.00. A true and correct copy of Unpaid Invoice Nos. 1233, 1236, 1241, 1244, 1245, 1248, 1252, 1253, 1255, and 1259, along the daily work tickets evidencing the hours worked is attached hereto as **Composite Exhibit "3."**

18. Additionally, on or about August 20, 2018, and at Subcontractor's direction and approval, K&S patched a small retainage wall at the Project for the agreed upon lump sum of $800.00. A true and correct copy of Invoice No. 1250 is attached hereto as **Exhibit "4."**

19. Accordingly, K&S remains unpaid $25,420.00, exclusive of interest, attorneys' fees and costs, for labor, services and materials furnished by it, and accepted by Subcontractor and Prime Contractor.

## COUNT I - MILLER ACT CLAIM

20. K&S incorporates and re-alleges paragraphs 1 through 19 as though fully set forth herein.

21. On September 21, 2018, and within 90 days of its final furnishing of labor, services and materials on the Project, K&S served the Prime Contractor and Travelers with written notice that it had furnished the aforementioned labor, services and materials to the Project, but that it had yet to be paid for same (the "Notice of Non-Payment"). A true and correct copy of the Notice of Non-Payment, along with verification of delivery from the United States Postal Service for both Travelers and the Prime Contractor is attached hereto as **Composite Exhibit "5."**

22. Notwithstanding K&S's Notice of Non-Payment, Travelers has failed to fulfill its obligations under the Miller Act Bond to pay K&S for the labor, services and materials it furnished in furtherance of the Project, and for which K&S has not been paid.

23. K&S is entitled to payment in the principal sum of $25,420.00 from Travelers pursuant to the Miller Act, 40 U.S.C. § 3133, plus applicable interest at the rate set forth in the Sub-Subcontract and attorneys' fees and costs. *See U.S. for Use and Benefit of SE Mu. Supply Co., Inc. v. Nat'l Union Fire Ins. Co.*, 876 F. 2d 92, 93 (11th Cir. 1989).

WHEREFORE, K&S demands judgment in its favor and against Travelers for the principal sum of $25,420.00, plus interest at the rate set forth in the Sub-Subcontract, and attorneys' fees and costs, along with such other and further relief the Court deems just and proper under the circumstances.

## COUNT II – CLAIM AGAINST SUBCONTRACTOR BOND

24. K&S incorporates and re-alleges paragraphs 1 through 19 as though fully set forth herein.

25. This action to recover sums owed for labor, services and materials furnished to the Project is so related to the claim asserted against Travelers under the Miller Act, that the two

actions form part of the same case or controversy; therefore, supplemental jurisdiction is proper under 28 U.S.C. §1367. *See U.S. for Use and Benefit of Chicago Bldg. Restoration, Inc. v. Tazzoli Const. Co.*, 796 F. Supp. 1130 (N.D. Ill. 1992).

26. On September 21, 2018, and within 90 days of its final furnishing of labor, services and materials on the Project, K&S served the Subcontractor and Aegis with written notice that it had furnished the aforementioned labor, services and materials to the Project, but that it had yet to be paid for same (the "Notice of Non-Payment"). A true and correct copy of the Notice of Non-Payment, along with verification of delivery from the United States Postal Service for both Aegis and the Subcontract is attached hereto as **Composite Exhibit "6."**

27. Notwithstanding K&S's Notice of Non-Payment, Aegis has failed to fulfill its obligations under the Subcontractor Bond to pay K&S for the labor, services and materials it furnished in furtherance of the Project, and for which K&S has not been paid.

28. K&S is entitled to payment from Aegis in the principal sum of $25,420.00 from Aegis pursuant to the Subcontractor Bond, plus applicable interest at the rate set forth in the Subcontract, plus reasonably attorneys' fees pursuant to Sections 627.428 and 627.756, Florida Statutes

WHEREFORE, K&S demands judgment in its favor and against Aegis for the principal sum of $25,420.00, plus interest at the rate set forth in the Sub-Subcontract, and attorneys' fees and costs, along with such other and further relief the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

K&S demands a trial by jury on all issues so triable.

Respectfully submitted,

**PETERSON, BALDOR & MARANGES, PLLC**
*Attorneys for K&S Patching, Inc.*
8000 Southwest 117th Ave, Suite 206
Miami, FL 33183
Telephone: (305) 270-3773
Facsimile: (305) 275-7410

By: <u>/s/ Matthew Maranges, B.C.S.</u>
Matthew Maranges
Florida Bar No.: 91534
Matt@pbmlegal.net